### UNITED STATES of America

v.

### Sheila Margaret HAYFORD, Appellant.

### No. 08–4404.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 2, 2009.

Opinion Filed: Dec. 7, 2009.

Shannon T. Hanson, Esq., Office of United States Attorney, Wilmington, DE, for United States of America.

Elayne C. Bryn, Esq., Philadelphia, PA, for Appellant.

BEFORE: FISHER, HARDIMAN and STAPLETON, Circuit Judges.

### OPINION OF THE COURT

STAPLETON, Circuit Judge:

A jury found appellant Sheila Margaret Hayford guilty on five counts of making a false statement under penalty of perjury in violation of 18 U.S.C. § 152(3)[1] and five counts of bankruptcy fraud under 18 U.S.C. § 157(1).[2] She appeals, insisting

1. Section 152(3) of Title 18 of the United States Code provides that whoever "knowingly and fraudulently makes a false declaration, certificate, verification or statement under penalty of perjury" within the meaning of section 1746 of Title 28 "in or in relation to

any case under title 11 [the Bankruptcy Code]" shall be guilty of an offense against the laws of the United States.

2. Section 157(1) of Title 18 of the United States Code states that: "A person who, hav-

that the evidence was insufficient to support each of the ten verdicts. Hayford did not challenge the sufficiency of the evidence in the District Court and we, accordingly, review for "plain error." "A conviction based on insufficient evidence is plain error only if the verdict 'constitutes a fundamental miscarriage of justice.'" *United States v. Thayer*, 201 F.3d 214, 219 (3d Cir.1999) (quoting from *United States v. Barel*, 939 F.2d 26, 37 (3d Cir.1991)). There is ample evidence supporting each of the challenged verdicts, and we will affirm. Because we write only for the parties, we will assume knowledge of the record and the proceedings.

## I.

By February 20, 2002, Hayford was delinquent on her mortgage, and CitiCorp Trust Bank FSB ("Citi") filed a foreclosure action. A default judgment was entered against Hayford on April 15, 2002. Between that date and September 7, 2006, seven separate sheriff's sales were scheduled on her residence. All seven were stopped by operation of the automatic stay in bankruptcy occasioned by Hayford's filing of a series of seven bankruptcy petitions, five of which were subjects of the indictment. She admitted at trial that her purpose in filing this series of petitions was to prevent the scheduled sale.

## II.

■ With respect to the Section 157(1) bankruptcy fraud charge, the government proved that Hayford devised and executed a scheme to defraud Citi of its legal right to sell her residence to satisfy its judgment by delaying and defeating scheduled sheriff's sales over a period of more than four years. The government did this by

offering evidence, *inter alia*, of (1) the timing of the five petitions relative to the scheduled sales; (2) the fact that Hayford did not pursue any of her bankruptcy cases as would someone who sought bankruptcy protection in good faith; (3) Hayford's own admission that a goal of her repeated petition filings was to delay the scheduled sheriff's sales; and (4) the fact that Hayford lived in her residence without making mortgage payments for the entire period of her filings. A rational jury could clearly draw an inference from the government's evidence that Hayford's intention was to trigger the automatic stay and thereby defraud Citi through abuse of the bankruptcy system.

Hayford argues that the jury unreasonably found that she had an intent to defraud Citi. She points to evidence tending to show that she was attempting to sell her residence and repay Citi, insisting that her "actions were consistent with her attempt to pay the financial institution, not an attempt to defraud" it. Appellant's Br. at 24. However, Citi had the legal right to have Hayford's residence immediately sold to satisfy her debt to it in the Spring of 2002 and at all times over the next four plus years. A reasonable jury could, and did, determine that she devised a scheme to defraud Citi of that right whether or not it believed that she hoped to repay Citi at some point in the future.

## III.

■ Hayford signed each of her bankruptcy petitions "under penalty of perjury." App. at 154–55. Like all debtors, she was required to list prior bankruptcy petitions she had filed within the relevant time period, either the preceding six years or, since October 2005, the preceding eight

ing devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so—(1) files a

petition under title 11 ... shall be fined under this title, imprisoned not more than 5 years, or both."

years. Instead of providing an accurate statement of her bankruptcy filing history, Hayford falsely listed only one prior bankruptcy per petition.

Hayford argues before us that there was insufficient evidence that she acted knowingly and with fraudulent intent and that her representations were material. She acknowledges, of course, that she was aware in each instance that she had previously filed more than one petition. Because Hayford's admitted purpose in filing the petitions was to delay the imminent sheriff's sale, a rational jury could infer that her repeated falsehoods were designed to accomplish her stated objective. The government's evidence demonstrates that new cases by debtors who have filed more than two prior petitions receive different treatment from the Bankruptcy Court, including possible review to determine whether the proceeding should be dismissed. To delay the sales by operation of the automatic stay, Hayford needed only to be certain that the petition would be filed and served on her creditors. The only place on the petitions where Hayford risked failing in her purpose—by drawing the scrutiny of the Bankruptcy Court— was with respect to her filing history. That was the only place on the petitions where she provided false information time after time. A rational jury could have inferred from the targeted nature of her false representations and from the evidence concerning the bankruptcy process that those misrepresentations were material, knowing, and made with fraudulent intent.

### IV.

The judgment of the District Court will be affirmed.